IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

C ARTHUR PLUMMER                                                                                    PLAINTIFF

V.                                    CASE NO. 5:14-cv-00143-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                            DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff C. Arthur Plummer brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that there is not substantial evidence to support the Commissioner's decision.

## I.     PROCEDURAL HISTORY

Mr. Plummer protectively filed his application on December 30, 2010, alleging a disability onset date of June 1, 2010.[1] (R. at 177.) He had past relevant work as a warehouse stocker. (R. at 50.) He alleged complications from pancreatitis, a cyst, high blood pressure, and a blood clot in his lung. (R. at 66.) Mr. Plummer's claim was denied at the initial and reconsideration levels. (R. at 11.) On December 10, 2012, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 11.) During the hearing, Mr. Plummer orally

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

moved to amend his disability onset date to November 7, 2011, which the ALJ granted. (R. at 49.) On February 19, 2013, the ALJ issued an unfavorable decision, denying Mr. Plummer's claim. (R. at 23.) The Appeals Council subsequently denied his request for review. (R. at 1.)

On April 21, 2014, Mr. Plummer filed a complaint against the Commissioner appealing the ALJ's denial of DIB. (Pl.'s Compl. 1, ECF No. 2.) On July 23, 2014, the parties consented to a Magistrate Judge having jurisdiction to issue a final judgment in this case. (Consent 1, ECF No. 12.) Both parties have submitted appeals briefs for the Court to consider. (Pl.'s Br., ECF No. 19; Def.'s Br., ECF No. 20.)

## II. ADMINISTRATIVE PROCEEDINGS

Mr. Plummer was fifty-one years old at the time of the administrative hearing and had completed the eleventh grade. (R. at 32.) The ALJ applied the five-step sequential evaluation process to Mr. Plummer's claim.[2] (R. at 12.) The ALJ found that Mr. Plummer satisfied the first step because he had not engaged in substantial gainful activity. (R. at 13.) At step two, the ALJ found that Mr. Plummer suffered from the severe medical impairments of pancreatitis (recurring), osteoarthritis, borderline intellectual functioning, and depression. (R. at 13.) At step three, the ALJ found that Mr. Plummer did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

P, Appx. 1. (R. at 14.) Before proceeding to step four, the ALJ found that Mr. Plummer had a residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 416.967(c), with certain limitations. (R. at 16.) The ALJ determined that Mr. Plummer's statements that he was incapable of all work activity were not credible because they were not consistent with the record as a whole. (R. at 18.) The ALJ found at step four that Mr. Plummer was not capable of performing his past relevant work. (R. at 21.) At step five, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Mr. Plummer could perform, specifically as a hand packer and a hospital cleaner. (R. at 22.) Therefore, the ALJ found that Mr. Plummer was not disabled. (R. at 23.)

### III.  STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more

scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV. DISCUSSION

Mr. Plummer argues that the ALJ's decision is not supported by substantial evidence. (Pl.'s Br. 6, ECF No. 19.) Specifically, Mr. Plummer argues that the ALJ's decision at step three that he did not meet listing 12.05(C) is not supported by substantial evidence. (*Id.*). Mr. Plummer also argues that the ALJ's RFC determination is not supported by substantial evidence because he relied on inconsistent medical opinions. (*Id.*). Because the Court finds that there is not substantial evidence to support the ALJ's determination in step three that Mr. Plummer did not meet listing 12.05(C), the Court does not address the ALJ's RFC determination.

Mr. Plummer argues at step three that the ALJ's decision in assessing whether Mr. Plummer meets listing 12.05(C) is not supported by substantial evidence because Mr. Plummer has a full scale IQ of between 60 through 70 and a mental impairment imposing an additional and significant work relation limitation of function. (*Id.* at 9.) Respondent argues that Mr. Plummer did not prove that he had "deficits in adapted functioning that initially manifested before the age of 22," so he does not meet the listing. (*Id.* at 20.)

To meet listing 12.05(C), Mr. Plummer would have to prove that he has: (1) "a valid verbal, performance, or full scale IQ of 60[-]70; (2) an additional 'severe' impairment; and

(3) evidence supporting the onset of intellectual and adaptive functioning disability before age twenty-two." *Lott v. Colvin*, 772 F.3d 546, 550 (8th Cir. 2014). The ALJ determined that Mr. Plummer "does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." (R. at 16.)

The ALJ's finding that Mr. Plummer did not have a valid full scale IQ of 60-70 is not supported by substantial evidence. In discussing listing 12.05(B), the ALJ found that Mr. Plummer "has a Full Scale IQ of 63." (R. at 16.) Unless the ALJ explains why this IQ is not valid, Mr. Plummer proved that he meets the IQ requirement of listing 12.05(C). On remand, the ALJ may clarify why he held that Mr. Plummer did not satisfy this requirement.

The ALJ found that Mr. Plummer had many severe impairments, which satisfies the second element of listing 12.05(C). (R. at 13.)

The record is insufficient to determine whether Mr. Plummer proved that there is evidence supporting the onset of intellectual and adapting functioning disability before age twenty-two. Mr. Plummer took special education courses starting in sixth grade before dropping out of school in the eleventh grade. (R. at 32.) This supports an allegation that the onset of certain disabilities began before the age of twenty-two. However, the Commissioner argues that Mr. Plummer was also able to serve in the National Guard and work as a warehouse stocker. (R. at 45, 50.) Since the record is insufficient, the Court remands the case to the ALJ to make a determination of whether Mr. Plummer has an

adaptive functioning disability that manifested before he turned twenty-two.

## V.  CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes remand is necessary for further consideration consistent with this decision. Although the ALJ may still reach the conclusion that Mr. Plummer is not entitled to benefits, the ALJ must ascertain, on the record, whether Mr. Plummer has an adaptive disability that manifested itself before age twenty-two.

SO ORDERED this 17th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE